

**NOT FOR PUBLICATION**

JUN 09 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILLIE L. REDDING,<br><br>       Plaintiff,<br>and<br><br>LIN DEOLA; BRIAN J. MILLER, former counsel to plaintiff; MORRISON, SHERWOOD, WILSON & DEOLA, PLLP,<br><br>       Appellants,<br>and<br><br>RICHARD M. LAYNE,<br><br>       Respondent-Appellant,<br><br> v.<br><br>PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC., a/k/a Mutual Marine Office, Inc.; PROSIGHT SPECIALTY INSURANCE, INC., a/k/a Nymagic, Inc.; NEW YORK MARINE AND GENERAL INSURANCE COMPANY; MUTUAL MARINE OFFICE, INC.,<br><br>       Defendants-Appellees. | Nos. 15-35201, 15-35594, 15-35595<br><br>D.C. No.<br>6:12-cv-00098-CCL<br><br><br>MEMORANDUM[*] |

---

     [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted April 3, 2017
Seattle, Washington

Before: KOZINSKI and FLETCHER, Circuit Judges, and TUNHEIM, Chief District Judge.[**]

1. A fine is generally civil if it is meant "to compensate the complainant for losses sustained." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 834 (1994) (quoting *United States v. Mine Workers*, 330 U.S. 258, 303–04 (1947)). Here, the district court sanctioned Appellants Lin Deola, Brian Miller, and Richard Layne in the form of attorneys' fees and costs to compensate Appellees ("NYM") for their losses, so the civil sanction standard applies.

2. The district court provided Appellants notice and an opportunity to be heard before imposing sanctions under the district court's inherent authority and 28 U.S.C. § 1927 for "bad faith" and "reckless" conduct. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109–10 (9th Cir. 2005); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 638 (9th Cir. 1987). Appellants received notice

_____

[**] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

from the district court's summary judgment order and NYM's motion for fees and costs. The district court also provided Appellants an opportunity to be heard, permitting briefing on the motion for attorneys' fees and costs and the submission of affidavits. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

3. The district court did not err by considering prelitigation conduct when imposing sanctions because we permit district courts to look at the " 'totality of the circumstances' including conduct '*prelitigation* and during trial,' when making bad faith determinations." *Rodriguez v. United States*, 542 F.3d 704, 712 (9th Cir. 2008) (quoting *Cazares v. Barber*, 959 F.2d 753, 755 (9th Cir. 1992)).

4. The record amply supports the district court's finding that Plaintiff Billie Redding's motion to disqualify NYM's lead counsel was frivolous and also supports the sanction amount of $73,934.82 in attorneys' fees and costs. The record also justifies the district court's finding that Deola and Miller violated Fed. R. Civ. P. 37(b)(2)(C) when they failed to comply with the district court's February 3, 2014 order; the sanction of $33,932.72 in attorneys' fees and costs is supported by the evidence.

5. There is insufficient evidence in the record to show Layne acted in "bad faith" or was "reckless" in the litigation of Redding's claim against NYM. We therefore reverse the district court's imposition of sanctions against Layne.

6. There is sufficient evidence in the record to support the district court's finding that Deola and Miller acted in "bad faith" or were "reckless" in the litigation of Redding's claim against NYM. In addition to Deola's prelitigation conduct, the record shows: Deola made reckless comments to the district court; Deola and Miller acted with incivility in front of the district judge, during discovery, and in response to opposing counsel; and Deola and Miller continued to litigate Redding's case after discovery showed NYM did not violate Montana law. But, because the district court awarded sanctions of $515,119.90 in attorneys' fees and costs based on Deola's, Miller's, *and* Layne's conduct, we remand to the district court to give it an opportunity to reassess the appropriate amount of sanctions.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. Costs of appeal shall be taxed against Appellants Lin Deola and Brian Miller.**

4